UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SENECA SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:19-CV-839 ) |
| INVESTORS TITLECORP and FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Seneca Specialty Insurance Company seeks declaratory and other relief against Defendants, Investors TitleCorp, pursuant to 28 U.S.C. §§ 2201. In support of its Complaint, Plaintiff states as follows:

### NATURE OF THE ACTION

1. This Complaint requests the Court to issue a judgment pursuant to 28 U.S.C. §§ 2201 and 1332., declaring that a policy of insurance issued by Seneca Specialty Insurance Company ("Seneca") to Investors TitleCorp ("Investors") does not require Seneca to defend or indemnify Investors in connection with a lawsuit brought by First American Title Insurance Company ("First American").  This judgment is requested to determine an actual controversy between the parties regarding insurance coverage for Investors in connection with that underlying lawsuit.

### THE PARTIES

2. Plaintiff Seneca is a Delaware corporation with its principal place of business in New York, New York.  Seneca is a citizen of Delaware and New York.

3. Defendant Investors is an Indiana corporation with its principal place of

business in Indianapolis, Indiana. Investors is a citizen of Indiana.

4. Defendant First American is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

5. First American is named in this lawsuit only because it may be a party in interest to the existence of insurance proceeds to pay a judgment owed by Investors in connection with an underlying lawsuit. Seneca seeks no relief from First American other than to bind it to the outcome of this action.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 in that it arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), because a substantial part of the transactions giving rise to the claim occurred in this District.

## THE UNDERLYING LAWSUIT

8. The underlying case involves an indemnification claim against Investors arising out of its alleged failure to indemnify First American after it failed to identify a mortgage on a property before issuing a title insurance policy. First American filed a Third Party Complaint against Investors in an action originally brought by the purchasers of the property, Thomas Neu and Elizabeth Neu. The underlying lawsuit is captioned *Thomas Neu and Elizabeth Neu v. First American Title Insurance Company v. Investor's TitleCorp*, case no. 49D02-1010-PL-046549 ("the First American Lawsuit.")

9. The Third Party Complaint filed in the First American Lawsuit on January 14, 2011 contains one count against Investors for contractual indemnity. The Third Party Complaint was filed contemporaneously with its Answer and Affirmative Defenses

to the Neus' Complaint. A true and accurate copy of First American's Third Party Complaint (the "Complaint") is attached as **Exhibit A**.

10. In the Complaint, First American alleges that it entered into an Abstractor Agency Contract ("Agency Contract") with Investors on September 16, 1997. A copy of the Agency Contract is attached as **Exhibit B**.

11. First American further alleges that the Agency Contract required Investors to indemnify First American from all losses, including attorneys' fees, suffered by First American to the extent to which such losses are fairly attributable to errors in abstracting or any failure of Investors to comply with the Agency Contract.

12. According to First American, Investors failed to identify a mortgage on a property, causing it to sustain a loss in the form of investigating the claim and retaining counsel to defend itself in a lawsuit filed by the Neus.

13. In its Complaint, First American seeks indemnification for any losses suffered by First American as a result of its alleged breach of contract claimed by the Neus, including damages awarded to the Neus, costs of its Complaint, and attorneys' fees.

14. According to its motion for summary judgment filed on July 12, 2017, First American seeks $232,268.81 plus costs in damages. The entirety of the amount sought consists of the attorneys' fees and costs accrued by First American and its attorneys in defending various claims involving the Neus' property.

## THE SENECA POLICY

15. Seneca issued policy MPL 00 00 079 to Investors as the named insured with effective dates of September 8, 2004 to September 8, 2005 ("the Policy"). The Policy was a professional liability policy with limits of $1 million each claim and $1

million in the aggregate.  A true and accurate copy of the Policy is attached as **Exhibit C**.

## POLICY LANGUAGE

16. The Policy contains the following insuring agreement:

I. *INSURING AGREEMENTS*

A. *Coverage*

*The **company** will pay on behalf of the **insured** all sums in excess of the deductible that the **insured** becomes legally obligated to pay as **damages** and **claim expenses** as a result of a **claim** first made against the insured and reported in writing to the **company** during the **policy period** by reason of an act or omission, including **personal injury**, in the performance of **professional services** by the **insured** or by someone for whom the **insured** is legally responsible…*

17. The Policy also contains the following exclusion:

*This policy does not apply to any claim:*

*        *        *

8. *based on or arising out of liability of others assumed by an **insured** under any contract or agreement, unless such liability would have attached to the **insured** even in the absence of such contract or agreement…*

## CONTRACTUAL LIABILITY EXCLUSION

18. Seneca has no obligation under the Policy to defend, indemnify or reimburse Investors in connection with the First American Lawsuit because First American's indemnification claim is barred by the contractual liability exclusion in the Policy.

WHEREFORE, Plaintiff, Seneca Specialty Insurance Company, requests a judgment pursuant to 28 U.S.C. §§ 2201 and 1332, against Investors TitleCorp and First American Title Insurance Company declaring the following and awarding the following

4

additional relief:

    A.    That Seneca has no obligation under the Policy to defend, indemnify, or reimburse Investors with respect to the First American Lawsuit;

    B.    That Seneca is entitled to all costs and attorneys' fees; and

    C.    For such other relief allowed in law and equity that the Court deems appropriate and just.

                      SENECA INSURANCE COMPANY

                      BY:    s/Dennis M. Dolan
                              One of Its Attorneys

                              Dennis M. Dolan #34423-45
                              Dolan@LitchfieldCavo.com
                              Phillip G. Litchfield #32669-45
                              LitchfieldP@LitchfieldCavo.com
                              **Litchfield Cavo LLP**
                              Attorneys for Seneca Insurance Company
                              303 West Madison Street, Suite 300
                              Chicago, Illinois 60606
                              (312) 781-6641 (Dolan)
                              (312) 781-6584 (Litchfield)